GEORGE LA MONTE & SON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10115, 21531. Promulgated September 13, 1928.

*Henry P. Molloy, Esq.,* for the petitioner.
*Benton Baker, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The issue in this proceeding arises entirely out of the agreement of February 6, 1905, which was made in conformity with the provisions of the original quadrilateral agreement of January 30, 1905, by which the ownership of the business of the two corporations was rearranged. This agreement was that the petitioner would pay to George La Monte and George M. La Monte throughout petitioner's existence " a sum equal to 12½% of the net profits  *  *  *  less the amount paid on the special stock." These sums were $17,304.11 for 1920, $7,360.89 for 1921, and $28,270.73 for 1922.

The petitioner deducted these sums in the years in question as " ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," Revenue Acts 1918 and 1921, section 234 (a)(1), and the Commissioner has disallowed the deductions. It is not contended that the payments were for services or for any other current consideration, but only that they were made

pursuant to the contractual obligation of 1905. For this reason alone petitioner urges their deductibility.

We are of opinion that this was not an expense of carrying on business but was a division of the profits after such expenses had been paid and accounted for. It was a method whereby the persons named were to share specially in the fruits of the enterprise. While the method was unusual in that it was not like that of either a stockholder or an employee, this does not require that the language of the statute should be interpreted beyond its ordinary meaning so as to provide for their deduction.

Were this a proportionate distribution among stockholders it would not be deductible, but would be taxed first to the corporation and later (except for normal tax) to the stockholders. Here there was a distribution of earnings upon an adopted basis other than proportionate stockholdings, taxable no less as profits even though the statute provides no such credit as that given expressly to stockholders in respect of dividends.

*Traylor Engineering & Manufacturing Co.* v. *Lederer*, 271 Fed. 399, certiorari denied 257 U. S. 638, is somewhat similar. A "grubstake" agreement between a corporation and an individual resulting in a sharing of profits from a contract for manufacturing munitions was held by the Circuit Court of Appeals, Third Circuit, to provide no deduction to the corporation of the share paid to the individual in determining its taxable net income from munitions. As in that case, it seems to us that the tax here was imposed upon the corporation between the time its "net profits" were earned and the time they were distributed either under its resolution to stockholders or under the contract to these individuals.

Petitioner urges in that event that the amounts should go into invested capital. This does not follow. The items which make up invested capital are specified in section 326. They include only cash or property paid in to the corporation for stock or by way of surplus, and no such property exists here. These payments added nothing by way of capital to the corporation above what was already in. There is no such relation between taxable net income and statutory invested capital that the disallowance of a deduction under section 234 carries with it the increase of invested capital under section 326.

Reviewed by the Board.

*Judgment will be entered for the respondent.*